I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:      DATE:    DEPUTY CLERK:

Plaintiff    10/12/2018    N. Boehme

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

STEVEN GENTRY,

   Petitioner,

  v.

WARDEN,

   Respondent.

No. ED CV 17-02390-DSF (DFM)

ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND

  Steven Gentry ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). The Court dismissed the Petition with leave to amend. See Dkt. 3. Petitioner then filed a two-page letter with exhibits, which the Court interprets as a First Amended Petition. See Dkt. 9 ("FAP"). As so interpreted, the FAP suffers from the same deficiencies the Court identified in its order dismissing the Petition:

  First, the FAP has not been submitted on either the national form appended to the Rules Governing Section 2254 Proceedings for the United States District Court or the form currently approved and supplied by the Central District of California for habeas petitions brought by persons in state custody. See Rule 2(d) of the Rules Governing Section 2254 Cases in the

United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); see also Central District Local Rule 83-16.1. The Court will again direct the Clerk below to send Petitioner a copy of the proper habeas form.

Second, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in the courts of the state or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

In the Petition, Petitioner affirmatively stated that he had not presented the claim in the Petition to any California appellate court. See Petition at 5-6. The Court's review of the California Appellate Courts Case Information website also suggests that Petitioner has not filed any appeals or petitions with the California Supreme Court. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), overruled on other grounds as recognized in United States v. Davis, 508 F. App'x 606, 609 (9th Cir. 2013). Petitioner attaches to the FAP a letter from the San Bernardino Superior Court dated July 6, 2018, asking Petitioner

to specify the case number for which Petitioner sought transcripts. See FAP at 3. This does not show that Petitioner has exhausted his state court remedies. Therefore, it appears that the FAP is subject to dismissal for failure to exhaust state remedies.

Third, a federal court can grant habeas corpus relief to a petitioner "only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 63 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). In the Petition, Petitioner argued that he was improperly denied parole. It appears that this continues to be his claim in the FAP. Notably, there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. See Swarthout v. Cooke, 562 U.S. 216, 220 (2011). While the Court acknowledges certain exceptions in the parole context for violations of the Due Process Clause, see, e.g., id. at 219-20, Petitioner makes no such allegation here (nor does he allege any other violation of the Constitution or any other federal law). On its face, the FAP does not appear to allege a cognizable claim for federal habeas corpus relief.

Last, in order for the Court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). The proper respondent in a federal habeas petition is the petitioner's "immediate custodian" or "the person having a day-to-day control over the prisoner" because that person "is the only one who can produce 'the body' of the petitioner." Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (quoting Demjanjuk v. Messe, 784 F.2d 1114, 1115 (D.C. Cir. 1986). Here, Petitioner has not named anyone as the Respondent, although the Court notes that Petitioner's current place of

incarceration is California State Prison, Corcoran (CSP-COR).

For the foregoing reasons, the FAP is DISMISSED with leave to amend.

If Petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above within thirty-five (35) days of the service of this Order. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "Second Amended Petition," and be filled out completely.

On the first page of the Second Amended Petition, Petitioner should clearly note the name of the warden of the facility where he is currently held. In ¶ 9 of the Second Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner contends that he exhausted his state remedies, he should list such filings in ¶¶ 10-11 of the habeas petition form and provide all of the other called-for information. For each filing listed in ¶ 11, Petitioner should specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result. Petitioner should also submit a copy of any such petitions if available.

Petitioner is cautioned that his failure to timely file a Second Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

Dated: October 11, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge